STATE *v.* JAMES KNOTT.

Evidence that the defendant is the occupant of a tenement in which a bar-room is kept, need not be confined to the period of time laid in the indictment as that during which he applied a portion of it to the criminal use of a bar-room, although the proof of such criminal use must be; but his occupation both before and after such period may be given in evidence, as affording proof of his occupation during such period.

THE indictment charged that the defendant, at Providence, on the 17th day of March, 1857, and on divers days and times between that day and the day of finding the indictment, being the 6th day of June, 1857, kept and maintained a certain common nuisance, to wit, a grogshop, tippling-shop, and building, place, and tenement, used for the illegal sale and keeping of intoxicating liquors.

At the trial of the indictment before Mr. Justice Shearman, at the December term, 1857, of the court of common pleas for the county of Providence, Thomas W. Hart, a witness produced in behalf of the state, swore, that within the times charged in the indictment the defendant kept a junk shop in South Water Street, Providence ; and that adjoining said shop there was a building in which there was a bar-room and bar, with a door opening from the bar-room to the defendant's kitchen. For the purpose of proving that the defendant, within the times laid in the indictment, lived in the building where the bar-room was, and in the rooms back of said bar, and that he kept said bar, the attorney-general asked the witness, who had sworn that he had seen the defendant behind the bar on the 6th of April, 1857, and knew that he then occupied the tenement, if he had ever seen the defendant in said rooms back of the bar, and when ? Whereupon, the counsel for the defendant objected, that the witness should not be permitted to state that he had seen the defendant in said rooms back of the bar, at any time before or after the time laid in the indictment. The court, however, permitted the question to be put to the witness, and he answered " Yes ; " to which ruling of the court the defendant excepted, and a verdict of guilty having been returned against him,

25 *

brought his exception, by a bill of exceptions, to this court for decision.

*W. W. Updike* and *Blake*, cited *Commonwealth* v. *Briggs*, 11 Met. 573 ; *Commonwealth* v. *Elwell*, 1 Gray, 463.

*J. B. Kimball*, attorney-general :—

1st. Testimony, that defendant occupied the tenement before and after the time laid in the indictment, was properly admitted to prove that he occupied the tenement during that time.

2d. The jury would be justified in inferring the defendant's occupation, during the time, from such proof, in the absence of any evidence on the part of the defendant, that he had ceased, and resumed, his occupation.

AMES, C. J. Without doubt, the evidence proving or tending to prove the *criminal use* of his tenement by the defendant, should be confined to the period of time laid in the indictment. The evidence objected to in this case, however, related merely to the occupancy of the tenement by the defendant ; and the fact that he was seen there, as such occupant, both before and after, as well as during the time laid in the indictment, seems pertinent to the inquiry whether he occupied during the time, as affording presumptive proof of such occupation ; leaving it for him to explain away such proof, if he can. Surely, if the owner, instead of the occupier, were punishable for the criminal use of a tenement, the proof of ownership would not be confined to a title acquired during the time laid in the indictment ; but having proved the ownership, it may be, by deed executed, or by a descent occurring, years before the owner applied, or suffered his property to be applied, to the criminal use for which he is indicted, the property must be proved to have been *criminally used* within the time laid in the indictment.

The exception taken in this case is therefore overruled, and sentence must be passed upon the defendant, by the court of common pleas for the county of Providence, in accordance with the verdict.